In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Craig M. HUNT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Craig M. HUNT, Respondent.

Supreme Court

*No. 2011AP1139–D.—Decided October 5, 2011.*

2011 WI 91

(Also reported in 803 N.W.2d 844.)

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶ 1. PER CURIAM. This is a reciprocal discipline matter. We review the stipulation entered by Attorney Craig M. Hunt and the Office of Lawyer Regulation (OLR) for the imposition of discipline reciprocal to that

imposed by the Supreme Court of California. After our review of the matter, we accept the stipulation. By virtue of having been disbarred by the Supreme Court of California for professional misconduct, Attorney Hunt is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.[1] We revoke Attorney Hunt's license to practice law in Wisconsin. The OLR does not seek costs. Accordingly, no costs will be imposed.

---

[1] SCR 22.22 provides, in part: Reciprocal discipline.

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

¶ 2. Attorney Hunt was admitted to the State Bar of Wisconsin in March 1964. He was admitted to practice law in California on January 7, 1971. Attorney Hunt's Wisconsin law license was suspended on May 13, 1974, for nonpayment of state bar dues.

¶ 3. On or about November 4, 2007, the Supreme Court of California ordered that Attorney Hunt be disbarred from the practice of law in California. Attorney Hunt's misconduct upon which his California disbarment consisted of multiple acts of engaging in the unauthorized practice of law, moral turpitude, and violations of the conditions of his probation related to prior discipline imposed by the Supreme Court of California. *In re Craig M. Hunt on Discipline*, State Bar Court of California Case No. 02–O-14794 (02–O-15949; 03–O-311; 03–O-1352; 03–O-02422); 04–N-11190 Cons. Attorney Hunt failed to notify the OLR of the Supreme Court of California's imposition of public discipline within 20 days of the effective date of the California discipline.

¶ 4. Attorney Hunt and the OLR stipulate to the revocation of Attorney Hunt's license to practice law in Wisconsin, reciprocal to the discipline imposed in California. The parties stipulate that the terms of the stipulation were not bargained for nor negotiated between the parties. The stipulation consists of Attorney Hunt's admission to the facts and misconduct alleged by the OLR and Attorney Hunt's agreement to the level of

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

discipline that the OLR Director is seeking in this matter. Attorney Hunt represents and verifies that he fully understands the misconduct allegations, he fully understands the ramifications should the court impose the stipulated level of discipline, he fully understands his right to contest this matter, he fully understands his right to consult with and retain counsel, and in fact he is represented in this matter, and that his entry into the stipulation is made knowingly and voluntarily. Attorney Hunt also stipulates that he does not claim any of the potential defenses articulated in SCR 22.22(3)(a)-(c).

¶ 5. Upon our review of the matter, we accept the stipulation and impose discipline identical to that imposed by the Supreme Court of California. *See* SCR 22.22(3).

¶ 6. IT IS ORDERED that the license of Craig M. Hunt to practice law in Wisconsin is revoked, effective the date of this order.

¶ 7. IT IS FURTHER ORDERED that Craig M. Hunt shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.